CHARLES A. JONES ESQ. {SBN 224915}
KELLY MCINERNEY ESQ. {SBN 200017}
**JONES LAW FIRM**
9585 Prototype Court, Suite B
Reno, Nevada 89521
Telephone: (775) 853-6440
Facsimile: (775) 853-6445
caj@cjoneslawfirm.com
kelly@cjoneslawfirm.com

Attorneys for Plaintiff, MICHAEL C. RIGHETTI,
individually and on behalf of other members similarly situated

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW RIGHETTI, on behalf of himself and all similarly situated persons, | Case No.: |
| | <u>CLASS ACTION</u> |
| Plaintiff, | **CLASS ACTION COMPLAINT FOR:** |
| vs. | |
| WINDSTREAM HOLDINGS, INC., and WINDSTREAM COMMUNICATIONS, INC. | **VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227** |
| Defendants. | <u>**DEMAND FOR JURY TRIAL**</u> |

1

**CLASS ACTION COMPLAINT**

Plaintiff, MATTHEW RIGHETTI, ("Plaintiff") brings this action on behalf of himself and the alleged class of persons similarly situated against Defendants WINDSTREAM HOLDINGS, INC., and WINDSTREAM COMMUNICATIONS, INC. ("WINDSTREAM" or "Defendants"), for violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## NATURE OF THE ACTION

1. This suit asserts allegations that Defendants violated the Telephone Consumer Protection Act (47 U.S.C. § 227) (TCPA) with its marketing and advertising campaigns by initiating, or causing the initiation of, telephone calls to residential telephone lines using an artificial or prerecorded voice to deliver a message. In particular, Defendants engaged in an illegal marketing/advertising campaign by initiating thousands of prerecorded phone calls using an artificial or prerecorded voice to residential telephone lines without the express consent of the party called. The initiation of prerecorded phone calls to residential phone lines without the recipients' consent violates 47 U.S.C. § 227.

2. This suit is brought on behalf of all individuals in the United States and its territories who received telephone calls to their residential telephone line using an artificial or prerecorded voice to deliver a message initiated by Defendants, or anyone acting on Defendants behalf, within the past four years.

3. Plaintiff, on behalf of himself and a class of similarly situated persons in the United States, as more specifically defined herein, brings this suit under the TCPA for injunctive relief and an award of statutory damages, together with costs and reasonable attorneys' fees.

//

//

## JURISDICTION AND VENUE

4. This Honorable Court has sole and exclusive jurisdiction over this action under the TCPA. The TCPA expressly creates a private right of action for damages and injunctive relief by a person who suffers a violation of the statute, and jurisdiction to federal district courts to consider and decide such cases or controversies. 47 U.S.C. § 227(b)(3).

## DESCRIPTION OF THE PARTIES

5. Matthew Righetti is an individual domiciled and residing in the City of San Francisco, State of California. Plaintiff received a prerecorded phone call originating from telephone number (415) 306-5715 on his residential telephone within the last four years. Most recently, he received a prerecorded phone call from the telephone number (415) 306-5715 on the evening of October 2, 2013.

6. Defendants are foreign corporations who transact business throughout the United States and are headquartered with their principal place of business in Little Rock, Arkansas. The WINDSTREAM corporate website (www.windstream.com) claims that WINDSTREAM is a FORTUNE 500 and S&P 500 company and has more than $6 billion in annual revenues.

## FACTUAL ALLEGATIONS
### General Overview of the TCPA

7. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

8. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of sections 227(b)(1)(A)(iii) and (b)(1)(B) prohibits the use of autodialers to make any call to a wireless or residential

phone number in the absence of an emergency or the prior express consent of the called party.

9. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

10. Thus, prerecorded phone calls using an artificial or prerecorded voice to deliver a message made to residential phone numbers are expressly prohibited in the absence of the prior express consent of the subscriber.

11. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute.

## Placing and Receipt of the Calls

12. At all relevant times Plaintiff, an individual residing in the State of California, was a "person" as defined by 47 U.S.C. § 153(32).

13. Although Plaintiff did not provide his residential phone number to Defendants at any time or in any way, Defendants initiated a telephone call to Plaintiff's residential telephone line using an artificial or prerecorded voice to deliver a message. The telephone call received by Plaintiff consisted of a prerecorded phone message using an artificial voice to advertise mortgage financing.

14. The telephone number that Defendants used to contact Plaintiff, using an artificial or prerecorded voice to deliver a message regarding mortgage financing, was assigned to a residential telephone line as specified in 47 U.S.C. § 227(b)(1)(B).

15. The telephone calls complained of herein constituted calls neither for emergency purposes nor exempted by rule or order by the Commission as defined by 47 U.S.C. § 227(b)(1)(B).

16. Plaintiff did not provide "express consent" allowing Defendants to place telephone calls to Plaintiff's residential telephone line utilizing an "artificial or prerecorded voice" to deliver a message within the meaning of 47 U.S.C. § 227(b)(1)(B).

17. Defendants did not make telephone calls to Plaintiff's residential phone "for emergency purposes" utilizing an "artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(B).

18. Plaintiff is informed and believes and based thereon alleges that substantially similar telephone calls using an artificial or prerecorded voice to deliver a message were initiated by Defendants to other individuals residential telephone lines, and were similarly initiated on repeated occasions to other residential telephone numbers belonging to the other members of the class. None of those residential telephone subscribers gave Defendants their prior express consent to receive the calls and the calls were not made for emergency purposes.

19. Plaintiff is informed and believes and based thereon alleges that Defendants initiated thousands of telephone calls using an artificial prerecorded voice to deliver a message to the residential telephone lines subscribed to by the class members over the past four years in violation of the TCPA.

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(b) on behalf of himself and the following Class (the "Class"):

> All persons in the United States or its territories who, within the last four years, received a telephone call on their residential telephone line initiated by or on behalf of Defendants using an artificial or prerecorded voice to deliver a message without the subscriber's prior express consent.

21. The Class consists of thousands of individuals who are geographically dispersed making joinder impractical, in satisfaction of Federal Rule of Civil Procedure 23(a)(1). The exact size of the respective class and identities of the individual members thereof are ascertainable through Defendants' records, or the records of its representatives, including but not limited to the telephone message or transmission logs.

22. The claims of Plaintiff are typical of the claims of the respective class members. The claims of the Plaintiff and the respective class members are based on the same legal theories and arise from the same unlawful and willful conduct, resulting in the same injury to the Plaintiff and the respective class members.

23. The respective class has a well-defined community of interest. Defendants have acted and failed to act on grounds generally applicable to the Plaintiff and the respective class members, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the respective class members.

24. There are many questions of law and fact common to the claims of Plaintiff and the respective class members, and those questions predominate over any questions that may affect only individual class members within the meaning of Federal Rule of Civil Procedure 23(a)(2) and 23(b)(2).

25. Common questions of fact and law affecting members of the Class include, but are not limited to, the following:

(a) Whether Defendants' conduct violates 47 U.S.C. § 227(b)(1)(B);

(b) Whether Defendants' phone calls were made for an emergency purpose;

(c) Whether Defendants obtained the phone call recipients' prior express consent;

(d) Whether Plaintiff and members of the Class are entitled to damages, costs and/or attorney's fees from Defendants;

(e) Whether Plaintiff and members of the Class are entitled to a permanent injunction enjoining Defendants from continuing to engage in their unlawful conduct; and

(f) Whether Plaintiff and members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

26. Absent a class action, most of the respective class members would find the cost of litigating their claims to be prohibitive, and will have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

27. Plaintiff will fairly and adequately represent and protect the interests of the respective class members. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the respective class members, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the respective class members.

28. This action is brought and may properly be maintained as a class action pursuant to the provisions of Federal Rule of Civil Procedure 23. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of these statutory provisions and the jurisprudence of the courts.

## COUNT ONE
## LIABILITY PURSUANT TO THE TCPA

29. Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 31, inclusive, as though fully set forth herein.

30. Defendants initiated, or caused to be initiated, telephone calls using an artificial or prerecorded voice to deliver a message to Plaintiff and the Class Members' residential telephone lines without their prior consent and not for emergency purposes in violation of 47 U.S.C. § 227(b)(1)(B).

31. These calls were made *en masse* and without the prior express consent of Plaintiff and the other members of the Class and the calls were not made for emergency purposes.

7
**CLASS ACTION COMPLAINT**

32. Thus, Defendants violated 47 U.S.C. § 227(b)(1)(B), which makes it unlawful to "initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes ...."

33. Moreover, Plaintiff is informed and believes and based thereon alleges that Defendants failed to satisfy the requirements set forth by 47 C.F.R. §64.1200 (d), which is a separate and independent violation under the Act. That regulation provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity." The procedures instituted must meet the following minimum standards:

(1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Person or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request.

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual

caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

34. 47 C.F.R. §64.1200 (e) provides that §64.1200 (d) is "applicable to any person or entity making telephone solicitations or telemarketing calls to residential telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278 FCC 03-153, 'Rules and regulations Implementing the Telephone Consumer Protection Act of 1991,'" which Report and Order in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists.

35. Defendants violated § 64.1200(d) by initiating calls for telemarketing purposes to residential telephone subscribers, such as Plaintiff and the Class, without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls or texts from them, and in particular by (1) failing to have a written policy for maintaining a do-not-

call list; (2) failing to inform and train telemarketing personnel in the existence and use of the do-not-call list; (3) failing to record do-not-call list at the time the request is made; (4) failing to honor called parties' do-not-call requests within a reasonable time from the date such request is made and no later than thirty days from the date such request; and/or (5) failing to provide called parties with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a working telephone number or address at which the person or entity may be contacted.

36. Defendants are liable for initiating, or causing to be initiated by a vendor or third party on their behalf, telephone calls using an artificial or prerecorded voice to deliver a message to Plaintiff and the Class Members' residential telephone lines without their prior consent and not for emergency purposes in violation of 47 U.S.C. § 227(b)(1)(B). Accordingly, Defendants are liable for damages under the TCPA for these prerecorded phone messages using an artificial or prerecorded voice.

## DAMAGES UNDER THE TCPA

37. Pursuant to 47 U.S.C. § 227(b)(3), a person or entity may bring a private action to recover either actual damages, or $500 in statutory damages for each such violation, whichever is greater.

38. Accordingly, as a proximate result of the Defendants' conduct, Plaintiff and the Class seek statutory damages as provided by law.

39. Plaintiff and the Class are also entitled to recover statutory damages, separate and apart from the statutory damages recoverable for the placing of the phone calls, based on Defendant's failure to implement procedures as outlined by 47 C.F.R. § 64.1200(d).

40. In addition, if the court finds that the Defendants willfully or knowingly violated the TCPA, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under 47 U.S.C. § 227(b)(3).

## TCPA INJUNCTIVE RELIEF

41. Additionally, Plaintiff and the Class is entitled to request that Defendants be enjoined from initiating any more calls to residential telephone lines using an artificial or prerecorded voice to deliver a message pursuant to 47 U.S.C. § 227(b)(3)(A).

## DEMAND FOR PRESERVATION

42. Plaintiff specifically demands that Defendants and their agents, employees and affiliates, retain and preserve all records relating to the allegations in this Complaint. Specifically, Plaintiff's demand for preservation includes, but is not limited to, the following documents and information:

(1) Scripts of the prerecorded messages sent over the past four (4) years, with corresponding dates when those messages were sent;

(2) Lists of all phone numbers to which prerecorded phone message advertisements were sent within the last four years;

(3) List of all persons or phone numbers who requested to opt-out of receiving prerecorded phone messages over the past four years;

(4) Any and all documents, including but not limited to invoices, transmission logs, or summary logs, provided to Defendants by any company or person Defendants retained to transmit prerecorded phone messages on Defendants behalf;

(5) Any proof Defendants contend shows that Defendants obtained the prior express consent of any recipient of Defendants prerecorded phone messages;

(6) Any and all transmission or phone logs showing dates of transmission, receipt or identity of recipient of prerecorded phone messages placed by Defendants or on Defendants behalf within the last four years;

(7) Copies of any and all policies or procedures implemented by Defendants with regard to the placement of prerecorded phone messages, as well as marketing activities and restrictions;

**CLASS ACTION COMPLAINT**

(8) Documents related to Defendants cost for transmitting the prerecorded phone messages sent by Defendants or on Defendants behalf within the last four years; and

(9) Demand is made on Defendants to notify any third parties, customers, or vendors of this preservation demand and request preservation of any information requested through this demand.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, on behalf of himself and as representative of all other persons similarly situated, prays for judgment against the Defendants, as follows:

(1) An Order certifying the Class under the appropriate provisions of F.R.C.P. 23 and appointing the Plaintiff and his counsel to represent the class;

(2) For statutory damages as provided for under 47 U.S.C. § 227(b)(3) plus up to treble that amount for Defendants willful and knowing violations of the law;

(3) For an injunction restraining Defendants from placing any more prerecorded message phone calls;

(4) For pre-judgment interest from the date of filing this suit;

(5) For reasonable attorney's fees;

(6) For all costs of this proceeding; and

(7) For all general, special, and equitable relief to which the plaintiffs and the members of the class are entitled by law.

## JURY DEMAND

Plaintiff demands trial by jury on all counts for which a jury trial is permitted.

RESPECTFULLY SUBMITTED,

Dated: October 4, 2013      JONES LAW FIRM

/s/ Charles A. Jones
Charles A. Jones, Esq.
Attorneys for Plaintiff and
all others similarly situated